UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 20-20310-LMI

                                                          Chapter 11

Metronomic Holdings, LLC,

        Debtor.

_____/

### DEBTOR'S OMNIBUS OBJECTION TO PROOFS OF CLAIMS[1]

---

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the Debtor, c/o the undersigned attorneys OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

---

        Metronomic Holdings, LLC, the above-captioned debtor and debtor in possession (the

"Debtor") hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the

---

[1] The Debtor seeks a waiver to the requirement in Local Rule 3007-1(c) that "up to five objections to claim may be included in one pleading."  As set forth in the Objection, the Debtor submits that the claims that are the subject of this Objection face very similar, and in many cases the exact same, grounds for disallowance and/or reduction.

United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy

Procedure (as amended from time to time, the "Bankruptcy Rules") and Local Rule 3007-1 of the

Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local

Rules"), requesting the entry of an order (i) disallowing, expunging, or reducing, as applicable,

the Objected Proofs of Claim (as defined herein), and (ii) granting related relief.  In further support

of this Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  The Debtor consents to entry of a final

order under Article III of the United States Constitution. Venue of this case and the Motion in this

district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested in this Objections are section 502

of the Bankruptcy Code and Bankruptcy Rule 3007.

## Background

3.      On September 23, 2020 (the "Petition Date"), the Debtor filed a petition for relief

under chapter 11of the Bankruptcy Code (this "Chapter 11 Case").

4.      The Debtor continues to possess its property and operate it business as a debtor and

debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

6.      No committee has been appointed in the Debtor's Chapter 11 Case pursuant to

section 1102 of the Bankruptcy Code.

7.      Local Rule 3003-1(A), in relevant part, provides that:

> Unless otherwise ordered by the court and except as provided by 11
> U.S.C. §502(b)(9), the deadline for filing a proof of claim or interest
> required by Bankruptcy Rule 3003(c)(2) shall be 70 days after entry

2

of the order for relief, or in a dismissed case, 70 days after entry of the order reinstating case.

Because the Bankruptcy Court did not order otherwise in the instant case, the deadline for filing proofs of claims or interests in the instant case was December 2, 2020 (the "Claim Bar Date").

8.      Local Rule 3003-1(A) goes on to say, in relevant part, that: "Notice of this deadline shall be provided, pursuant to Bankruptcy Rules 2002(a)(7) and 2002(f)(3) and Local Rule 2002-1(C)(1), in the §341 or post-conversion meeting notice."  The *Notice of Meeting of Creditors* [Docket No. 8] was served on September 27, 2020 by the Bankruptcy Noticing Center via first class mail on the persons and entities listed in that certain *Certificate of Notice* [Docket No. 14], filed on September 27, 2020.

9.      On December 14, 2020, the Debtor submitted a motion [Docket No. 195] (the "Substantive Consolidation Motion") requesting substantive consolidation of certain subsidiaries of the Debtor with the Debtor's estate.  Additionally, the Substantive Consolidation Motion requested that the Bankruptcy Court establish a procedure doe substantive consolidation of other subsidiaries with the Debtor's estate.

10.     On January 19, 2021, the Bankruptcy Court, after notice and hearing, entered the *Order Granting Debtor's Expedited Motion For: Substantive Consolidation with Non-Debtor Subsidiaries Holdings Title to Fuse Funding Fund I, LLC Properties; (B) Request to Shorten Notice Requirements Pursuant to Bankruptcy Rule 2002(a)(2), (3); and (C) Related Relief as To Non-Fuse Entities* [Docket No. 251] (the "Substantive Consolidation Order") ordering substantive consolidation of certain of the Debtor's subsidiaries with the Debtor's estate.

11.     Consistent with the terms of the Substantive Consolidation Order, on April 13, 2021, Katalox Investments, LLC and the Debtor filed *Katalox Investment LLC's Joinder in Metronomic Holdings LLC's Agreed Motion for: (A) Substantive Consolidation of Grove Palms,*

*LLC; (B) Request to Shorten Notice Requirements Pursuant to Bankruptcy Rule 2002(a) (2), (3); and (C) Related Relief as to Non-Fuse Entities* [Docket No. 343] (the "Grove Palms Substantive Consolidation Motion").

12. On April 16, 2021, the Bankruptcy Court entered the *Agreed Order Granting Katalox Investments, LLC's Joinder in Metronomic Holdings LLC's Agreed Motion for: (A) Substantive Consolidation with Grove Palms, LLC; (B) Request to Shorten Notice Requirements Pursuant to Bankruptcy Rule 2002(A) (2), (3); and (C) Related Relief as to Non-Fuse Entities* [Docket No. 351] (the "Grove Palms Substantive Consolidation Order") ordering substantive consolidation of Grove Palms, LLC with the Debtor's estate.

13. Pursuant to the Substantive Consolidation Order and the Grove Palms Substantive Consolidation Order, the following subsidiaries have been substantive consolidated with the Debtor's estate in this Chapter 11 Case:

- Cocogrove Town Homes, LLC; Plaza Celia, LLC; Metroplace Suites, LLC; Trinisuites Calle Ocho, LLC; Trinisuites Dos, LLC; Trinisuites Tres, LLC; Metrosuites, LLC; Villas Beny More Dos, LLC; Villas Beny More Tres, LLC; Villas Beny More Cuatro, LLC; Maximo Gomez Apartments, LLC; Maximo Gomez Apartments Dos, LLC; Maximo Gomez Apartments Tres, LLC; Commodore Place, LLC; Metronomic Place, LLC; La Elaina, LLC; Trinity Homes of Coconut Grove, LLC; Crystal Terrace, LLC; Hermosa Gardens, LLC; Sieteocho, LLC; and Grove Palms, LLC (each a "Consolidated Subsidiary", and collectively, the "Consolidated Subsidiaries").

## Relief Requested

14. The Debtor files this Objection, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing and expunging the proofs of claim listed herein (the "Objected Proofs of Claim").

15. The Debtor has examined each Objected Proof of Claim, all documentation provided with respect to each Objected Proof of Claim, and the Debtor has determined in each case that each Objected Proof of Claim should be disallowed because it falls into at least one of

4

the following categories: (1) it is time barred because it was submitted after the Claims Bar Date (an "Untimely POC"), or (2) it does not assert claims for amounts owed by the Debtor or a Consolidated Subsidiary, either by facially asserting liability against entities not substantively consolidated in this Chapter 11 Case or by lacking supporting documentation to demonstrate such claim is against the Debtor or a substantively consolidated entity (a "Non-Debtor POC"). While some of the Objected Proofs of Claim represent claims that were scheduled on Schedule E/F of the *Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* [Docket No. 51] (the "Schedules"), such claims are nevertheless objected to herein on the bases provided for herein.

16.    For the avoidance of doubt, nothing herein seeks to affect the rights of third-party claimants against any party other than the Debtor or the Consolidated Subsidiaries, and the claims of such third-party claimants against such third parties are expressly hereby reserved.

17.    The Debtor, therefore, requests that the Objected Proofs of Claim be disallowed and expunged from the Debtor's claims register or reduced in accordance with the terms of the Objection, as applicable. A proposed form order granting the relief requested herein (the "Proposed Order") is attached hereto as **Exhibit A**.

### Basis for Relief

18.    A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code, however, provides in relevant part that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). "[W]here a party presents a colorable objection to a proof of claim, sufficient to overcome the prima facie effect operating in favor of the creditor pursuant to 11 U.S.C. Section 502(a) and Fed.R.Bankr.P. 3001(f),

the claimant bears the ultimate burden of persuasion." *Bakst v. United States (In re Katz)*, 168 B.R. 781, 788 (Bankr. S.D. Fla. 1994). Accordingly, and consistent with section 502 of the Bankruptcy Code, Rule 3007, and Local Rule 3007-1, the following Objected Proofs of Claim should be rejected on the grounds stated below:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|
| 1 | Acquest Multimedia | $750.00 | Non-Debtor POC against Metronomic Inc.[2] | **STRICKEN AND DISALLOWED** |
| 2 | Newman Architecture, Inc. | $19,195.00 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 5 | Morros and Munoz Construction, LLC n/k/a Elite Builders US, LLC | $83,713.46 | Non-Debtor POC against Metronomic Development Inc. | **STRICKEN AND DISALLOWED** |
| 8 | FRANCISCO ESPINOSA | $9,780.00 | Non-Debtor POC (Insufficient Documentation)[3] | **STRICKEN AND DISALLOWED** |
| 9 | Empire Fire Safety LLC | $3,262.96 | Non-Debtor POC against GroveHaus LLC[4] | **STRICKEN AND DISALLOWED** |
| 11 | CLAD | $154,801.86 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 12 | EASTERN ENGINEERING | $1,750.00 | Non-Debtor POC (No Supporting Documentation)[5] | **STRICKEN AND DISALLOWED** |
| 13 | Otis Elevator Company | $14,629.40 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |

[2]  While this claim was scheduled as Claim No. 3.1 on the Schedules, it nevertheless represents a claim against a party that is not the Debtor or a Consolidated Subsidiary. Such claim was also scheduled as disputed.

[3]  While this claim was scheduled as Claim No. 3.16 on the Schedules, it nevertheless represents a claim against a party that is not the Debtor or a Consolidated Subsidiary. Such claim was also scheduled as disputed.

[4]  While this claim was scheduled as Claim No. 3.12 on the Schedules, it nevertheless represents a claim against a party that is not the Debtor or a Consolidated Subsidiary. Such claim was also scheduled as disputed.

[5]  While this claim was scheduled as Claim No. 3.10 on the Schedules, it nevertheless represents a claim against a party that is not the Debtor or a Consolidated Subsidiary. Such claim was also scheduled as disputed.

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|
| 15 | JIMAGUAYA INTERNATIONAL TRADING | $13,199.00 | Non-Debtor POC (Insufficient Supporting Documentation) | **STRICKEN AND DISALLOWED** |
| 16 | Centerfield Villas South, LLC | $2,531,281.60 | Non-Debtor POC Insufficient Supporting Documentation | **STRICKEN AND DISALLOWED** |
| 18 | Commercial Steel Services, LLC | $55,048.74 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 24 | Waldman Barnett, P.L. | $73,229.54 | Non-Debtor POC[6] | **REDUCED TO THE EXTENT IT ASSERTS NON-DEBTOR LIABILITIES** |
| 25 | U.S. American Concrete Mix, Corp. | $82,835.00 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 26 | J&M Scaffolds of Florida, Inc. | $479,671.79 | Non-Debtor POC (Insufficient Supporting Documentation) | **STRICKEN AND DISALLOWED** |
| 28 | Elan Gershoni | $70,000.00 | Non-Debtor POC (Insufficient Supporting Documentation) | **STRICKEN AND DISALLOWED** |
| 29 | Alvaro De Jesus | $150,000.00 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 31 | Superior Mix Concrete, Corp. | $473,443.47 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |
| 33 | Wilmington Trust, N.A., as Trustee | $6,659,418.22 | Non-Debtor POC against GroveHaus LLC | **STRICKEN AND DISALLOWED** |
| 34 | Herc Rentals, Inc. | $109,728.90 | Non-Debtor POC against Metronomic Inc. | **STRICKEN AND DISALLOWED** |

---

[6] The supporting documentation asserts liability against the Debtor, Consolidated Subsidiaries, and other third-party entities that have not been substantively consolidated in this Chapter 11 Case. Accordingly, Claim No. 24 should be reduced to the extent it includes claims against non-debtors.

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection | Recommended Disposition |
|---|---|---|---|---|
| 35 | STUDIO A ENGINEERING | $7,140.00 | Non-Debtor POC against Metronomic Inc. Untimely POC | **STRICKEN AND DISALLOWED** |
| 38 | CCH FL 2 LLC | $56,277.81 | Non-Debtor POC[7] | **REDUCED BY $18,962.02** |
| 41 | ARC Document Solutions LLC | $31,926.70 | Non-Debtor POC against Metronomic Inc. Untimely POC | **STRICKEN AND DISALLOWED** |
| 45 | Keys Funding LLC | $5,645.58 | Untimely POC [8] | **STRICKEN AND DISALLOWED** |
| 47 | EEQ CONSTRUCTION SERVICES | $75,000.00 | Non-Debtor POC against Metronomic Inc. Untimely POC | **STRICKEN AND DISALLOWED** |
| 55 | TLGFY, LLC | $64,216.19 | Non-Debtor POC[9] | **STRICKEN AND DISALLOWED** |

## Notice

19.    Notice of this Motion will be given to: (a) the Office of the United States Trustee, (b) all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002, and (c) all claimants who filed the Objected Proofs of Claim.

## Reservation of Rights

20.    Should the grounds of objection specified herein be overruled or withdrawn, wholly or in part, the Debtor hereby reserves the right to object to any or all of the proofs of claims discussed herein on any other grounds that the Debtor may discover or deem appropriate.

---

[7]  Folio No. 01-4121-047-0180 is owned by a non-debtor, Fuse 5 Holdings SPV LLC. Accordingly, Claim No. 38 should be reduced to the extent it includes this claim against a non-debtor.

[8]  Folio No. 01-4121-007-1380 is owned by a non-debtor, Eder 46 Holdings LLC.

[9]  Folio No. 01-4121-007-4530 is owned by a non-debtor, Fuse 5 Holdings SPV LLC.

**No Prior Request**

21.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) disallowing, expunging, or reducing, as applicable, the Objected Proofs of Claim, and (ii) granting related relief.

Dated:  May 18, 2021
        Miami, Florida

Respectfully submitted,

**WEISS SEROTA HELFMAN**
**COLE & BIERMAN, P.L.**
*Co-Counsel to the Debtor and Debtor-in-Possession*
2525 Ponce de León Boulevard, Suite 700
Coral Gables, Florida 33134
Telephone: (305) 854-0800
Facsimile: (305) 854-2323

By:   */s/ Aleida Martinez Molina*
      Aleida Martinez Molina
      Email:  amartinez@wsh-law.com
      Florida Bar No. 869376

and

**PACK LAW, P.A.**
*Co-Counsel to the Debtor and Debtor-in-Possession*
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   */s/ Joseph A. Pack*
      Joseph A. Pack
      Email:  joe@packlaw.com
      Florida Bar No. 117882

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 18th day of May 2021 via CM/ECF on all parties registered to receive electronic service thereby in this Chapter 11 Case, via first class mail to all claimants who filed the Objected Proofs of Claim and all parties who have filed and served requests for notice pursuant to Bankruptcy Rule 2002.

By:   */s/ Joseph A. Pack*
      Joseph A. Pack, Esq.

**Exhibit A to Objection**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 20-20310-LMI

                                                          Chapter 11

Metronomic Holdings, LLC,

        Debtor.

_____/

**DEBTOR'S OMNIBUS OBJECTION TO PROOFS OF CLAIMS**

Upon the *Debtor's Omnibus Objection to Proofs of Claims*, filed May 18, 2021

(the "Objection"),[1] of the above-captioned debtor and debtor in possession (the "Debtor"),

pursuant to section 502 under title 11 of the United States Code (the "Bankruptcy Code") and Rule

---

[1] Capitalized terms not otherwise defined herein shall have the definitions ascribed to such terms in the Objection.

3007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for an order (i) disallowing, expunging, or reducing, as applicable, the Objected Proofs of Claim, and (ii) granting related relief; this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); this Court having determined the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**THE COURT FINDS THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtor has confirmed its consent to the entry of a final order by this Court in connection with the Objection, to the extent it is later determined this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

D.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The bases for the relief requested in the Motion are section 502 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

F.      Good and sufficient notice of the Objection, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable

requirements under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice need be provided.  A reasonable opportunity to reply to or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

G.    The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Objection, as discussed herein.  The entry of this Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.    The Objection is GRANTED as set forth herein.

2.    Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 each claim listed in the Objection is disallowed and expunged from the Debtor's claims register or reduced in accordance with the terms of the Objection, as applicable.

3.    For the avoidance of doubt, nothing herein shall affect the rights of third-party claimants against any party other than the Debtor or the Consolidated Subsidiaries, and the claims of such third-party claimants against such third parties are expressly hereby reserved.

4.    This Order shall not be deemed to waive, impair, release, or effect on any claims, causes of action the Debtor may hold against any claimant, including but not limited to, claims under chapter 5 of the Bankruptcy Code, and all claims and causes of action against such shall be expressly preserved.

5.    The Debtor, each of the entities substantively consolidated in this Chapter 11 Case, and the Clerk of this Court are authorized to take all actions necessary or appropriate to give effect to this Order.

6.    The terms and conditions of this Order are effective immediately upon entry.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

**Submitted by:**
Joseph Pack, Esq.
Attorney for the Debtor and Debtor-in-Possession
Pack Law, P.A.
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Tel: 305-916-4500
Email: joe@packlaw.com

Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF pursuant to applicable rules.